PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CV-01863-DJC-JDP |
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| VACANT LAND OFF SUN AVENUE, MARYSVILLE, CALIFORNIA, YUBA COUNTY, APN: 019-200-088-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

The United States and claimants Yesenia Garcia and Edgar Enrique Garcia-Lopez hereby stipulate that a stay is necessary in the above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal case, *United States v. Edgar Enrique Garcia Lopez*, Case No. 2:23-CR-00228-DJC.

1.     This is a forfeiture *in rem* action against vacant land in Marysville, California (the "Defendant Vacant Land") pursuant to 21 U.S.C. § 881(a)(7) because it allegedly was used and intended to be used to commit or facilitate violations of federal drug laws.  Yesenia Garcia and Edgar Enrique Garcia-Lopez have filed claims asserting an ownership interest in the defendant Vacant Land.

2.     The parties jointly request the matter be stayed pursuant to 18 U.S.C. §§ 981(g)(1),

981(g)(2), and 21 U.S.C. § 881(i).  The United States contends that the defendant Vacant Land was used and intended to be used to commit or facilitate violations of federal drug laws in violation of 21 U.S.C. §§ 841 *et seq*.  Claimants deny these allegations.

3. To date, Edgar Enrique Garcia Lopez has been charged with federal crimes related to a series of controlled buys where he traveled to the defendant Vacant Land to retrieve the drugs to complete the drug transactions in the related case, *United States v. Edgar Enrique Garcia Lopez*, Case No. 2:23-CR-00228-DJC.  It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the drug trafficking involving the defendant Vacant Land. Nevertheless, the United States intends to depose claimants (and others) regarding their ownership of the defendant Vacant Land, as well as their knowledge and participation in Garcia's alleged drug dealing activities involving the defendant Vacant Land.  If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant Vacant Land or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves.  If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

4. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Drug Enforcement Administration ("DEA").  Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

5. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture.  For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal case.  At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

6. If the defendant Vacant Land goes into default, the parties reserve the right to seek all avenues of redress to preserve the real property, including filing a motion for interlocutory sale or seeking a receiver appointment to collect rents and maintain the property.

7. Answers to the Complaint shall be filed within thirty days from the conclusion of the parallel criminal case.

Dated: 12/1/2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 11/30/2023

/s/ Timothy Zindel
TIMOTHY ZINDEL
Attorney for claimant Yesenia Garcia

Dated: 11/30/2023

/s/ Hootan Baigmohammadi
HOOTAN BAIGMOHAMMADI
Attorney for claimant Edgar Enrique Garcia-Lopez

(Signatures authorized by email)

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of companion criminal case. The parties shall file a joint status report within thirty days of the conclusion of the parallel criminal case, or as the Court deems appropriate. Answers to the Complaint shall be filed within thirty days from the conclusion of the parallel criminal case.

IT IS SO ORDERED

Dated: December 4, 2023

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE